UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80767-CIV-MARRA

JOSE ANGEL CHICAS-ANDRADE,,

    Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This cause is before the Court upon Defendants' Motion to Dismiss (DE 5). The matter has been fully briefed and is ripe for review.

### I. Background[1]

This matter arises out of an administrative denial of Plaintiff's Application to Register Permanent Residence or Adjust Status ("Form I-485") by the United States Citizenship and Immigration Services ("USCIS"). Plaintiff is a current registrant for Temporary Protected Status pursuant to 8 U.S.C. § 1254. Complaint at ¶ 17, Ex. 2. On January 27 2010, Plaintiff filed a Form I-485 with the USCIS, which was denied on June 17, 2010. Complaint at ¶¶ 18-19, Ex. 3, Ex. 4. In the memorandum explaining USCIS' rejection of Plaintiff's I-485 Application, the USCIS explained:

> From the evidence of record, it is clear that you entered the United States without inspection. The I-130 filed on your behalf was submitted after April 30, 2001; thus, you do not qualify for adjustment of status in the United States pursuant to

---

[1] The facts are taken from Plaintiff's Complaint for Declaratory and Injunctive Relief (DE 1) and are assumed true for the purposes of Defendants' Motion to Dismiss.

section 245(I).  In light of the foregoing, your application for adjustment of status is denied.

Complaint at Ex. 4.

In the underlying action, Plaintiff seeks a declaratory judgment from this Court declaring him eligible for adjustment of status.  Complaint at p. 7.  Defendants now seek to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

## II.  Legal Standard for Rule 12(b)(1)

Where a motion to dismiss is made on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, subject matter jurisdiction may be attacked either facially or factually.  See McElmurray v. Consolidated Gov't of Augusta—Richmond County, 501 F.3d 1244, 1251 (11th Cir.2007).  As the Eleventh Circuit explained in Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990):

> "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."
>
> These two forms of attack differ substantially.  On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true.  But when the attack is factual, the trial court may proceed as it never could under 12(b) (6) or Fed.R.Civ.P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Id. at 1528–29 (citations omitted).

### III.  Discussion for Rule 12(b)(1) Motion

Plaintiff asserts that the Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 5 U.S.C. § 555(b) (Administrative Procedures Act), 5 U.S.C. § 704 (no other adequate remedy), and 5 U.S.C. § 706 (compel agency action unlawfully withheld or unreasonably delayed).  Through their Motion to Dismiss, Defendants make three challenges to this Court's subject matter jurisdiction, each of which will be addressed independently.

First, Defendants assert that this Court lacks jurisdiction to review USCIS' decision because 8 U.S.C. § 1252(a)(2)(B), the REAL ID Act of 2005, prohibits such review.  That statute provides:

> **(B) Denials of discretionary relief**
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 1182 (h), 1182 (i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158 (a) of this title.

8 U.S.C. § 1252(a)(2)(B).[2]

---

[2] Subparagraph D governs "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals," neither of which are applicable

Plaintiff correctly notes that the decision of the USCIS under review here was made pursuant to section 1255. However, the Eleventh Circuit Court of Appeals has held "because a determination of eligibility for adjustment of status - unlike the <u>granting</u> of adjustment itself - is a purely legal question and does not implicate agency discretion," section 1252(a)(2)(B) does not "preclude review of the challenged, non-discretionary agency action at issue in that case." <u>Mejia Rodriguez v. U.S. Dep't of Homeland Security</u>, 562 F.3d 1137, 1144 (11th Cir. 2009) (quoting and approving of <u>Pinho v. Gonzales</u>, 432 F.3d 193, 203 (3rd Cir. 2005)). In light of <u>Mejia Rodriguez</u>, the Court has jurisdiction to determine whether Plaintiff is <u>eligible</u> for an adjustment of status.

Defendants next challenge the Court's jurisdiction under the Administrative Procedures Act. To support this assertion, Defendants claim: (1) the subject matter of the underlying decision has been committed to the discretion of the agency; and (2) the decision was supported by evidence and therefore cannot be considered "arbitrary, capricious, an abuse of discretion, or otherwise in derogation of the law." Motion at 13-14. In <u>Serrano v. Mayorkas</u>, 655 F.3d 1260 (11th Cir. 2011), however, the Eleventh Circuit held that federal courts have jurisdiction to provide declaratory relief under the APA. See <u>Serrano</u>, 655 F.3d at 1264 ("Serrano has sued under the APA, which provides an adequate remedy.") Accordingly, the Court also has jurisdiction under the APA.

Finally, Defendants challenge the Court's jurisdiction under the Federal Declaratory Judgment Act. The only argument advanced by Defendants is that "The Federal Declaratory Judgment Act provides a procedural remedy only in cases in which the Court has jurisdiction here.

4

from other sources." Motion at 14. In light of the Court's rejection of Defendants' challenge to jurisdiction under the APA, the Court concludes that there is an independent basis for the jurisdiction of this Court to enter a declaratory judgment.

For all the aforementioned reasons, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **DENIED**.

### IV.  Legal Standard for Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

### V.  Discussion for Rule 12(b)(6) Motion

Defendants also seek to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Central to Defendants' motion is whether Plaintiff is eligible for an adjustment of status pursuant to 8 U.S.C. § 1255.

Section 1255 provides:

> **(a) Status as person admitted for permanent residence on application and eligibility for immigrant visa**
>
> The status of an alien <u>who was inspected and admitted or paroled into the United States</u> or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

(Emphasis supplied.)

Section 1255(a), therefore, establishes that before an alien can be eligible for an adjustment of status pursuant to that statute, he or she must be "inspected and admitted or paroled into the United States."  Plaintiff asserts that 8 U.S.C. § 1254a, the statute governing aliens granted Temporary Protected Status, allows him to avoid the inspection requirement of section 1255.  Section 1254a provides:

> **(f) Benefits and status during period of temporary protected status**
> During a period in which an alien is granted temporary protected status under this section–
>
> . . .

> (4) for purposes of adjustment of status under section 1255 of this title and change of status under section 1258 of this title, the alien shall be considered as being in, and maintaining, lawful status as a nonimmigrant.

This argument, however, was expressly rejected by the Eleventh Circuit on September 16, 2011. In <u>Serrano v. Mayorkas</u>, 655 F.3d 1260, 1265 (11th Cir. 2011), the Eleventh Circuit stated:

> Serrano argues that § 1254a(f)(4) alters the "inspected and admitted or paroled" limitation on eligibility for adjustment of status under § 1255(a). We disagree. The plain language of § 1255(a) limits eligibility for status adjustment to an alien who has been inspected and admitted or paroled. That an alien with Temporary Protected Status has "lawful status as a nonimmigrant" for purposes of adjusting his status does not change § 1255(a)'s threshold requirement that he is eligible for adjustment of status only if he was initially inspected and admitted or paroled.

Plaintiff asserts that <u>Serrano</u> is distinguishable for three reasons. First, Plaintiff argues that "<u>Serrano</u> . . . is distinguishable from the instant matter in that the petitioner in that case never asserted that he disclosed his illegal entry into the United States on his application for TPS, which Plaintiff did, and which raises an inference that his inadmissibility was waived by the Defendants." Response at 14 (citing <u>United States v. Orellana</u>, 405 F.3d 360 (5th Cir. 2005)). In <u>Serrano</u>, however, the Eleventh Circuit rejected the applicability of <u>Orellana</u> to § 1255(a) because "the <u>Orellana</u> court was not addressing the interaction of § 1254a(f)(4) with the plain language of § 1255(a) but instead was deciding only the issue of whether an alien with temporary protected status can be convicted of violating 18 U.S.C. § 922(g)(5)(A)." 655 F.3d at 1265, n.4 (internal citations omitted). The Court thus finds Plaintiffs waiver argument unpersuasive.

Second, Plaintiff asserts that "the petitioner in <u>Serrano</u> did not argue, as the Plaintiff does here, that he was inspected and admitted to the United States." Response at 14. Plaintiff does not assert that he was actually inspected and admitted; rather, he asserts generally that "an alien who entered the United States without inspection but has been granted TPS can adjust status

7

under [§ 1255] by virtue of the pronouncement by Congress in [§ 1254a(f)(4)]." Response at 14. Through this argument, Plaintiff is trying to have this Court reconsider the very issue before the Court in Serrano. This is something the Court refuses to do.

Finally, Plaintiff challenges the Serrano Court's statement "that the petitioner's interpretation of [§ 1254a(f)(4) 'would render superfluous' the provisions of § 1254a(h)." Response at 15. This Court is not in a position to review or pass judgment on a decision by the Eleventh Circuit. Accordingly, the Court finds this argument to be without merit.

### VI. Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 5) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of this Court is ordered to **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of May, 2012.

_____
KENNETH A. MARRA
United States District Judge